```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION
```

RYAN K. FIELDS,

                Plaintiff,

vs.                                  Case No.  5:11-cv-8-Oc-29PRL

UNITED STATES OF AMERICA,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Defendant's Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Doc. #40, Motion) and supporting exhibits consisting of: SENTRY Public Information Inmate Data (Exh. 1), Excerpts of Plaintiff's deposition (Exh. 2), Declaration of Sherwood Brown (Exh. 3), and Plaintiff's Intake Screening Interview Form (Exh. 4). Despite being advised of the provisions set forth in Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56, see Doc. #16 at 2-3, Plaintiff did not file a response in opposition to the Defendants' Motion, and the time allotted to do so has expired. See docket. For the reasons discussed below, Defendant's Motion is granted.

### I.  The Complaint

Plaintiff Ryan Fields, a federal prisoner, initiated this action by filing a "Civil Complaint Under the Federal Tort Claims Act," on January 7, 2011, naming the United States as the sole defendant. Attached to the Complaint were two "declarations" from

federal inmates who witnessed the incident at issue in the Complaint. See Docs. #1-1, #1-2. According to the Complaint, during the early morning hours on November 18, 2008, an inmate attacked Plaintiff inside his cell by throwing bowls of boiling water on him and another inmate stabbed him. Complaint at 3. Plaintiff explains that the inmate attacker retrieved water from a "hot water machine" and then boiled the water in a microwave, which was located in a common area. Id. Plaintiff sustained second degree burns and stab wounds, which have left him permanently scarred. Id. at 10. Plaintiff also alleges that he suffers from "nerve damage" and "mental injuries" as a result of the attack. Id. at 10-11.

The Complaint specifically attributes liability on the unit officer, on the "Bureau of Prisons and U.S. Penitentiary in Coleman," on the "Special Investigation Services Unit," and the "Administration of the Bureau of Prisons." Id. at 4-6. The Complaint alleges that Bureau of Prisons staff were negligent and "breached their duty to care for, protect, and safe keep" Plaintiff by "disregarding their statutory duty" under 18 U.S.C. § 4042, et. seq. Id. at 5.

With regard to the unit officer, Plaintiff claims the unit officer left his post unattended when the attack occurred. Id. at 3. Plaintiff alleges that if the officer had been at the appropriate station, he would have noticed the inmate going from

the hot water machine to the microwave and he could have stopped the attack before it occurred, or, at a minimum heard Plaintiff's screams for help earlier. Id. at 3-4. Plaintiff also alleges that the officer did not immediately intervene to stop the attack, and instead waited until other officers arrived to intervene. Id. at 4.

With regard to Bureau of Prisons and U.S. Penitentiary in Coleman, Plaintiff claims they were negligent because they provided microwaves for the inmates to use. Id. at 5. With regard to the Special Investigations Services Unit, Plaintiff alleges they negligently screened active "Crip" gang members and allowed them to enter "general population." Id. at 6. As relief, Plaintiff seeks damages totaling $800,000.

## II. Applicable Law

### A. Motion to Dismiss Standard of Review[1]

A motion to dismiss pursuant to Rule 12(b)(1) provides for a dismissal of an action if the court lacks subject matter jurisdiction. When reviewing a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed in a light most favorable to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 237 (1974); Cole v. United States, 755 F.2d 873, 878 (11th Cir. 1985). Attacks on subject matter

---

[1] Although Defendant moves pursuant to Fed. R. Civ. P. 12(b)(6), see Motion at 1-3, a motion to dismiss for lack of jurisdiction is properly filed under 12(b)(1).

jurisdiction come in two forms. <u>Carmichael v. Kellogg, Brown & Root Servs., Inc.</u>, 572 F.2d 1271, 1279 (11th Cir. 2009); <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1528 (11th Cir. 1990). The first is a facial attack on the complaint, which requires the court to see whether plaintiff has sufficiently alleged a basis of subject matter jurisdiction. <u>Lawrence</u>, 919 F.2d at 1529. In considering facial validity, the court must take the allegations in the complaint as true for purposes of the motion. <u>Id.</u> In contrast, as in the instant case, a factual attack challenges the existence of subject matter jurisdiction, or the court's power to hear the case. <u>Id.</u> The court can look outside the pleadings in order to make its determination, and the court is free to weigh the evidence in order to determine whether it has jurisdiction. <u>Id.</u> The Court nonetheless will liberally construe Plaintiff's *pro se* pleadings and hold the pleadings to a less stringent standard than pleadings drafted by an attorney. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003) (citing <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)).

**B. Motion for Summary Judgment Standard of Review**

"Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>Moton v. Cowart</u>, 631 F.3d 1337, 1341 (11th Cir. 2011)(internal quotations and citations omitted). <u>See</u> <u>also</u>, Fed. R. Civ. P. 56(c)(2). "The moving party

may meet its burden to show that there are no genuine issues of material fact by demonstrating that there is a lack of evidence to support the essential elements that the non-moving party must prove at trial." Moton, 631 F.3d at 1341 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The standard for creating a genuine dispute of fact requires the court to "make all *reasonable* inferences in favor of the party opposing summary judgment," Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)(en banc)(emphasis added), not to make all *possible* inferences in the non-moving party's favor.

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial." Beard v. Banks, 548 U.S. 521, 529 (2006)(citations omitted); Celotex, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party. Beard, 548 U.S. at 529 (citations omitted); Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the

evidence, and upon which the non-movant relies, are 'implausible.'" Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted).  Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact.  Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  Scott v. Harris, 550 U.S. 372, 380 (2007).

**C.  Federal Tort Claims Act ("FTCA")**

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued."  Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999).  The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death cased by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'"  JBP Acquisitions, L.P. v. United States ex re. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000)(quoting 28 U.S.C. § 1346(b)(1)).  FTCA liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28

U.S.C. § 1346(b)(1). In other words, "[t]he FTCA was designed to provide redress for ordinary torts recognized by state law." Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)(internal quotation marks and citations omitted). In analyzing an FTCA claim, the court applies the law of the state where the alleged tort occurred. Lambert v. United States, 198 F. App'x 835, 838 (11th Cir. 2006)(citing Stone v. United States, 373 F.2d 1129, 1130 (11th Cir. 2004)). "'To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages.'" Id. (citing Lewis v. City of St. Petersburg, 260 F.3d 1260, 1262 (11th Cir. 2001)).

The FTCA waiver of immunity is subject to several exceptions, including the discretionary function exception. Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998). The discretionary function exception precludes government liability for "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Id. (citing 28 U.S.C. 2680(a). If the discretionary function exception applies, then the court must dismiss the FTCA claim for lack of subject matter

jurisdiction. Id. (citing Powers v. United States, 996 F.2d 1121, 1126 (11th Cir. 1993)).

The courts utilize a two-prong test when analyzing whether the discretionary function exception is applicable. Cohen, 151 F.3d at 1341 (citing Ochran, 117 F.3d at 499). First, "'we consider the nature of the conduct and determine whether it involves 'an element of judgment or choice.'" Id. at 1341 (quoting United States v. Gaubert, 499 U.S. 315, 322 (1991)). "'Government conduct does not involve an element of judgment or choice, and thus is not discretionary, if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive.'" Id. (quoting Gaubert, 499 U.S. at 322, 111 S.Ct. at 1273 (internal citations and quotations omitted)).

Second, "'if the conduct at issue involves the exercise of judgment, we must determine whether that judgment is grounded in considerations of public policy.'" Id. "[T]he purpose of the exception is to prevent judicial second guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.'" Id. (quoting Gaubert, 499 U.S. at 323, 111 S.Ct. at 1273 (internal quotations and citations omitted)). "'In making this determination, we do not focus on the subjective intent of the government employee or inquire whether the employee weighed social,

-8-

economic, and public policy considerations before acting.'" Id. (quoting Ochran, 117 F.3d at 500). "Instead, we 'focus on the nature of the actions taken and on whether they are susceptible to policy analysis.'" Id. (quoting Gaubert, 499 U.S. at 325, 111 S. Ct. at 1275).

### III. Discussion

**A. Inmate Attack**

The gravamen of the Complaint is that Plaintiff was attacked by another inmate assigned to live in his unit and sustained injuries. In order to recover on his claim, Plaintiff must show that the Government was negligent in the exercise of its responsibilities. Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976).[2] The duty of care owed by the Bureau of Prisons to federal prisoners is set forth in 18 U.S.C.A. § 4042, and requires the exercise of ordinary diligence to keep prisoners safe and free from harm. United States v. Muniz, 374 U.S. 150 (1963); Jones, 534 F.2d at 53. As set forth above, the Court looks to Florida law for the elements of a negligence claim: (1) a legal duty on the part of the defending party; (2) negligent failure by the defending party to comply with the duty; (3) injury the party seeking relief as a result; and, (4) damages. Lambert v. United States, 198 F.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

App'x 835, 838 (11th Cir. 2006); Williams v. Nat'l Freight, Inc., 455 F. Supp. 2d 1335 (M.D. Fla. 2006). To prove the second prong, "a plaintiff must show the injury to have been a reasonably foreseeable consequence of the custodian's negligence." Dep't of Health & Rehab. Servs. v. Whaley, 574 So. 2d 100, 103-104 (Fla. 1991). The issue of foreseeability is associated with the issue of proximate cause, which "is also bound up with the nature of the duty that the actor owes to others." Cowart v. United States, 617 F.2d 112, 115 (5th Cir. 1980). In the prison context:

> The applicable rule has been frequently stated. A penal institution is not an insurer of an inmate against attacks by other inmates. The standard is that of reasonable or ordinary care. The majority rule is that in order to hold the penal authorities liable for injury inflicted upon an inmate by another inmate, the authorities must know or have reason to anticipate that harm will ensue and fail to use reasonable care in preventing the harm . . . For liability, the law requires at least adequate reason to anticipate harm and failure to take reasonable action to avert it.

Spann v. State, Dep't of Corr., 421 So.2d 1090, 1091 (Fla. 4th DCA 1982)(citations omitted).

The undisputed facts of record reveal that the attack of Plaintiff occurred during a five-minute recreation move, Exh. 2, Pl's Depo. at 11, 16, and lasted for a duration of 20 to 30 seconds, Id. at 15. During a recreation move, the unit officer typically stands post at the metal detector and monitors inmates entering in and out of the unit. Id. at 16. As soon as the unit officer was aware of the attack on Plaintiff, officers

"immediately" intervened and stopped the attack. Id. at 17. Plaintiff was escorted to the medical department for treatment. Id. at 20.

Prior to this incident, Plaintiff had never seen boiling water thrown on an inmate during an inmate-on-inmate assault. Id. at 12-13. Plaintiff never had any problems with the inmate attacker and had no inclination whatsoever that he would be attacked. See id. at 11, 18-19; see also Exh. 3, Decl. Brown at 1-2. Plaintiff neither told any prison officials that he feared an attack would take place, nor did he request any kind of special protection. Id.

The evidence reveals that the inmate's attack on Plaintiff was not reasonably foreseeable and fails to satisfy the second element of a negligence claim. Additionally, the undisputed evidence reveals that as soon as the officer was aware of the attack, officers immediately responded to intervene. Thereafter, Plaintiff was escorted to the medical department for treatment. Consequently, Plaintiff does not have a negligence claim against the United States for the acts of prison officials related to the inmate assault of Plaintiff. Defendant's motion for summary judgment is granted with respect to this claim.

**B.  Remaining Claims**

Plaintiff alleges that the Bureau of Prisons and U.S. Penitentiary in Coleman were negligent because they provided microwaves in a common area for the inmates to use. Complaint at

5. Plaintiff also alleges the Special Investigations Services Unit negligently "screened" active "Crip" gang members and allowed them to enter "general population." Id. at 6. Defendant argues these claims are subject to the discretionary function exception and subject to dismissal for lack of jurisdiction. Motion at 10-12.

As set forth above, the courts utilize a two-prong test when analyzing whether the discretionary function exception is applicable. See supra at 7-9. As discussed, the duty to safeguard prisoners is set forth in 18 U.S.C. § 4042(a)(2)-(3) and requires that the Bureau of Prisons provide for safekeeping, care, subsistence, and provide protection. The manner in which the Bureau of Prisons fulfills this duty is committed to its discretion. Cohen, 151 F.3d at 1342-1343. Applying these standards here, Plaintiff's remaining claims must be dismissed for lack of jurisdiction.

First, with respect to Plaintiff's claim that the Bureau of Prison's was negligent in classifying the inmate attacker, the Eleventh Circuit has previously addressed claims concerning the classification of federal inmates and determined that the discretionary function exception applied. See Cohen, 151 F.3d at 1344 ("we conclude that the BOP's actions in classifying prisoners and placing them in institutions involve conduct or decisions that meet both prerequisites for application of the discretionary function exception."); Lambert v. United States, 198 F. App'x 835,

(11th Cir. 2006)(applying discretionary function exception to claim of negligent classification by prison officials); see also Motion at 12 (noting that every other circuit court of appeals addressing a negligent classification of inmate claim found the discretionary exception precluded subject matter jurisdiction of the claim)(citing Montez v. United States, 359 F.3d 392, 398-399 (6th Cir. 2004)(failure to keep inmate, who was murdered by another inmate, in protective custody protected by discretionary function exception); Santana- Rosa v. United States, 335 F.2d 39, 43 (1st Cir. 2003)(decisions regarding assignment of prisoners to particular units must be viewed as falling within the discretionary function exception); Alfrey v. United States, 276 F.3d 557, 564-65 (9th Cir. 2002)(decision by prison officials not to respond to or report inmate threats protected by discretionary function exception); Dykstra v. United States, 140 F.3d at 796 (failure to protect inmate from sexual assault by another inmate protected by discretionary function exception); Caledrone v. United States, 123 F.3d 947, 949 (7th Cir. 1997)(manner in which prison officials responded to threats by inmate toward fellow inmate protected by discretionary function exception); Bailor v. Salvation Army, 51 F.2d 678 (7th Cir. 1995)(decision to place inmate in halfway house, where he attacked fellow inmate, protected by discretionary function exception); Mitchell v. United States, 149 F. Supp. 2d 1111, 1114-1115 (D. Ariz. 1999), aff'd, 20 F. App'x 636 (9th Cir.

2001)(decisions as to day-to-day security needs of prison, including number of guards in given area, where to place emergency alarms and tactical choices surrounding inmate movement within institution are judgment calls based on policy determinations which seek to accommodate safety goals and reality of finite agency resources)).

Similarly, to the extent Plaintiff attributes liability on the United States stemming from prison officials' decision to provide microwaves in a common area for inmates to use, such a claim falls under the discretionary function exception. Neither Plaintiff, nor Defendant, point to any statute, regulation, or policy regarding the provision of microwaves for inmates to use. And, the Court's independent research also did not reveal any statutes, regulations, or policies on point. See Winters v. United States, Case No. 10-cv-7571(JMF), 2013 WL 1627950 *6 (S.D.N.Y. April 16, 2013)(noting there is no statute or policy concerning provision of microwaves in federal prison and applying discretionary function exception to microwave attack claim). Such decisions are also subject to policy analysis, because they involve the day-to-day management of inmates. As Plaintiff testified, almost all of the inmates in his unit own a bowl, purchased from the commissary, presumably for use of the microwave and never before this incident was he aware of an attack using boiled water from the microwave. Exh. 2, Pl's Depo. at 13-14. Consequently, the decision to allow federal inmates

access to microwaves in a common area is subject to the discretionary function exception and dismissed for lack of jurisdiction.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss or in the alternative Motion for Summary Judgment (Doc. #40) is **GRANTED** as set forth herein. This case is dismissed with prejudice.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __5th__ day of September, 2013.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record